**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RICHARD PASTORA, *et al.*, | ) |
| | ) |
| Plaintiffs, | )     Civil Action No. 21-cv-00782-LKG |
| | ) |
| v. | )     Dated:  July 29, 2022 |
| | ) |
| GLORIA D. PUALANI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

## I.     INTRODUCTION

Plaintiffs, Richard and Mihan Pastora, bring breach of contract and fraudulent inducement claims against defendant, Gloria Pualani, related to a contract for the sale of a residential property located in Fort Washington, Maryland.  *See generally* Compl., ECF No. 2. Defendant has moved for summary judgment on plaintiffs' claims, pursuant to Fed. R. Civ. P. 56, upon the grounds that plaintiffs have failed:  (1) to establish how defendant breached the contract at issue and (2) to establish that defendant made a knowing misstatement of fact with intent to defraud, to support their fraudulent inducement claim.  *See generally* Def. Mot., ECF No. 20; Def. Mem., ECF No. 20-1.  Defendant also seeks to strike the affidavit and testimony of plaintiffs' expert witness, Darin Mann.  Def. Reply at 6-8, ECF No. 31.  Lastly, defendant has also moved to hold Mr. Mann in contempt, pursuant to Fed. R. Civ. P. 45(g).  Def. Mot. for Contempt, ECF No. 18.[1]

Defendant's motion for summary judgment is fully briefed and no hearing is necessary to resolve the pending motions.  Pl. Resp., ECF No. 30; Def. Reply; *see also* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court:  (1) **GRANTS** defendant's motion for summary

---

[1] The Court directed Mr. Mann to file a response to defendant's motion for contempt on December 15, 2021, and on January 28, 2022.  ECF Nos. 23, 26.  To date, Mr. Mann has not filed a response to defendant's motion for contempt.

judgment; (2) **DENIES** defendant's motion to strike; (3) **DENIES-as-MOOT** defendant's motion for contempt; and (4) **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.     Factual Background

In this civil action, plaintiffs allege that defendant, Gloria Pualani, breached a contract for the sale of a residential property and fraudulently induced them to enter into that contract. Compl. at ¶¶ 7-13.  As relief, plaintiffs seek to recover, among other things, compensatory and punitive damages.  *See id.* at Prayer for Relief.

As background, in April 2020, plaintiffs entered into a residential contract of sale (the "Contract") with defendant for the purchase of a residential property located in Fort Washington, Maryland (the "Property").  *Id.* at ¶ 8; *see also* Compl. Ex. 1.  The Contract contains a clause entitled "CONDITION OF PROPERTY AND POSSESSION," which provides that:

> At settlement, Seller shall deliver possession of the Property and shall deliver the Property vacant, clear of trash and debris, broom clean, and in substantially the same condition as existed on the Date of Contract Acceptance.  Buyer reserves the right to inspect the Property within five (5) days prior to Settlement.   EXCEPT AS OTHERWISE SPECIFIED IN THIS CONTRACT, INCLUDING THIS PARAGRAPH, THE PROPERTY IS SOLD "AS IS."  The obligations of Seller as provided in this paragraph shall be in addition to any Disclosure and Disclaimer Statement as required by Section 10-702, Real Property Article, Annotated Code of Maryland and any provision of any inspection contingency addendum made a part of this Contract. . . .

Compl. Ex. 1 at 5.  The Contract also incorporates a Maryland Residential Property Disclaimer Statement, in which defendant checked a box marked "No" next to the following question: "Does the seller(s) has actual knowledge of any latent defects."  Compl. at ¶ 8; Compl. Ex. 1 at 27; *see also* Compl. Ex. 1 at 4 (stating that the disclaimer statement is incorporated into the Contract).

Plaintiffs allege that, approximately 45 to 60 days after they took possession of the Property, they noticed wet carpet and wet walls in the Property's basement.  Compl. at ¶ 9.

---

[2] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); defendant's motion for summary judgment ("Def. Mot."); and the memorandum in support thereof ("Def. Mem.").

Plaintiffs also allege that a licensed contractor subsequently inspected the Property's basement and discovered, among other things, "wet wall board, wet insulation, black mold behind the insulation, and water intrusion through [the] basement walls and evidence of apparent attempts to apply Flexseal or [an]other substance . . . to stop the water flow without success . . . ." *Id.*

Plaintiffs contend that they could not reasonably have been expected to observe the aforementioned defects upon a careful visual inspection of the Property prior to taking possession, and that they have incurred damages as a result of these latent defects. *Id.* at ¶¶ 9-10. And so, plaintiffs further contend that defendant fraudulently induced them to enter into the Contract, and that defendant breached the Contract, by failing to disclose these latent defects. *Id.* at ¶¶ 7-13.

### B.    Procedural Background

Plaintiffs commenced this case in the Circuit Court for Prince George's County, Maryland on February 12, 2021. *See* Not. of Removal, ECF No. 1. Defendant removed the case to this Court on March 26, 2021. *See id.*

On April 12, 2021, defendant filed an answer to the complaint and a counterclaim against plaintiffs for breach of the Contract. *See* Ans. & Countercl., ECF No. 8. Plaintiffs answered defendant's counterclaim on July 13, 2021. Pl. Ans., ECF No. 13.

On November 4, 2021, defendant filed a motion for contempt, regarding Darin Mann, pursuant to Fed. R. Civ. P. 45(g). Def. Mot. for Contempt.

On December 13, 2021, defendant filed a motion for summary judgment and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 56. Def. Mot.; Def. Mem. Plaintiffs filed a response in opposition to defendant's motion for summary judgment on March 29, 2022. Pl. Resp. Defendant filed a reply in support of her motion for summary judgment on April 12, 2022. Def. Reply.

Defendant's motion for summary judgment having been fully briefed, the Court resolves this motion and the defendant's other pending motions.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C*., 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993).  But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim.  *See Celotex Corp.*, 477 U.S. at 322-23.  Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Id.* at 323.  And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Liberty Lobby*, 477 U.S. at 256.

In addition, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment."  *Detrick v. Panalpina, Inc*., 108 F.3d 529, 536 (4th Cir. 1997).  And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

**B.      Breach Of Contract Claims**

Under Maryland law, the elements of a breach of contract claim are:  (1) a contractual obligation and (2) a material breach of that obligation.  *Allstate Ins. Co. v. Warns*, No. 11-1846, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012) (citing *Taylor v. NationsBank, N.A*., 365 Md. 166 (Md. 2001)).  And so, plaintiffs must plead that there existed a "contractual obligation, breach, and damages" to state a plausible breach of contract claim.  *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co*., No. 16-3431, 2018 WL 1471682, at *8 (D. Md. Mar. 23, 2018) (citations omitted).

**C.      Fraudulent Inducement Claims**

Lastly, under Maryland law, the elements of fraudulent inducement are:  (1) a false representation made by a defendant; (2) the defendant's knowledge that the representation was false, or reckless indifference for the truth of the representation; (3) a purpose of defrauding the person claiming to be injured; (4) justifiable reliance on the representation by the injured party; and (5) actual damages directly resulting from the misrepresentation.  *See Dean v. Beckley*, No. 10–297, 2010 WL 3928650, at *4 (D. Md. Oct. 1, 2010) (citing *Suburban Props. Mgmt., Inc. v. Johnson*, 204 A.2d 326, 329 (Md. 1964)).  A plaintiff must establish each of these elements, by clear and convincing evidence, to prevail on a fraudulent inducement claim.  *See Price v. Berman's Auto., Inc*., No. 14-763, 2015 WL 5720429, at *4 (D. Md. Sept. 28, 2015); *see also Skrzecz v. Gibson Island Corp*., No. 13-1796, 2015 WL 370049, at *3 (D. Md. Jan. 27, 2015) ("At the summary judgment stage, a plaintiff must 'set forth specific facts showing that there is a genuine issue for trial,' rather than . . . speculation and beliefs . . . . Moreover, any evidence of fraudulent intent must be scrutinized under the clear and convincing evidence standard, as it is the standard applied at trial.") (citation omitted).

**IV.      LEGAL ANALYSIS**

Defendant has moved for summary judgment on plaintiffs' breach of contract and fraudulent inducement claims, upon the grounds that the undisputed material facts in this case show that plaintiffs cannot establish:  (1) that she breached any obligation under the Contract to disclose known latent defects at the Property or (2) that she made a knowing misstatement of fact about the condition of the Property, with the intent to defraud plaintiffs.  Def. Mem. at 3-7.  And

so, defendant requests that the Court enter summary judgment in her favor and dismiss these claims.  *Id.* at 7.

Plaintiffs counter in their response in opposition to defendant's motion, that entry of summary judgment is not appropriate in this case, because there are material facts in dispute about whether defendant delivered the Property free of any latent defects and whether defendant had actual knowledge of the latent defects alleged in this case.  Pl. Resp. at 3-16.  And so, plaintiffs request that the Court deny defendant's motion for summary judgment.  *Id.* at 16.

Defendant has also moved to strike the affidavit of plaintiffs' expert, Darin Mann, which plaintiffs have submitted with their response in opposition to defendant's motion for summary judgment.  *See* Def. Reply at 6-8; Pl. Resp. Ex. 5.  In addition, defendant seeks to hold Mr. Mann in contempt, pursuant to Fed. R. Civ. P. 45(g), for his alleged failure to respond to her discovery requests in this litigation.  *See* Def. Mot. for Contempt.

For the reasons that follow, the undisputed material facts in this case show that plaintiffs cannot establish that defendant had actual knowledge of the alleged latent defects at the Property, to prevail on their breach of contract and fraudulent inducement claims.  In addition, the Court will consider the affidavit of Darin Mann for the limited purpose of resolving defendant's motion for summary judgment.  And so, the Court:  (1) **GRANTS** defendant's motion for summary judgment; (2) **DENIES** defendant's motion to strike; (3) **DENIES-as-MOOT** defendant's motion for contempt; and (4) **DISMISSES** the complaint.

### A.    The Undisputed Material Facts Do Not Show That Defendant Had Actual Knowledge Of The Alleged Latent Defects

As an initial matter, the undisputed material facts in this case do not establish that defendant had actual knowledge of the alleged latent defects at the Property, to allow plaintiffs to prevail on their breach of contract claim.  Plaintiffs allege in this case that defendant breached the Contract by failing to disclose certain latent defects that she knew existed at the Property, when the parties executed the Contract—including wet wall board, wet insulation, black mold behind the insulation, and water intrusion.  Compl. at ¶ 9.  To prevail on this claim, plaintiffs must show that defendant:  (1) knew of these latent defects; (2) had a contractual obligation to disclose these latent defects to plaintiffs; and (3) breached that obligation by failing to do so.

6

*See, e.g.*, *Class Produce Grp., LLC*, 2018 WL 1471682, at *8 (citations omitted).  Defendant persuasively argues that plaintiffs cannot make such a showing in this case.

First, the undisputed material facts make clear that the Contract requires defendant to disclose any known latent defects at the Property.  It is undisputed that the parties completed a Maryland Residential Property Disclaimer Statement for the Property and that defendant checked the box marked "No" on this statement in response to the question "[d]oes the seller[s] has actual knowledge of any latent defects" at the Property.  Compl. at ¶ 8; Compl. Ex. 1 at 27.  Paragraph 18 of the Contract provides that the Maryland Residential Property Disclaimer Statement is incorporated into the Contract.  Compl Ex. 1 at 4.[3]  And so, defendant had an obligation to disclose any known latent defects to plaintiffs under the plain terms of the Contract.

The undisputed material facts in this case do not show, however, that defendant breached this contractual obligation.  There is no evidence before the Court to establish that defendant had actual knowledge of any latent defects at the Property when the parties completed the Maryland Residential Property Disclaimer Statement and executed the Contract.  *See generally* Pl. Resp.; *see also Lombardi v. Montgomery Cty.*, 678 A.2d 762, 769 (Md. Ct. Spec. App. 1996) (citing *Black's Law Dictionary* 34 (6th ed. 1990)) (holding that "actual knowledge" means "[knowledge that is] 'real, in opposition to constructive or speculative.'").  Rather, plaintiffs speculate in this case that defendant must have known of these alleged latent defects, because their contractor discovered a previous attempt by defendant and her husband to repair a leak in the basement of the Property.  Pl. Resp. at 7.  In this regard, it is undisputed that this repair work occurred at least 11 years before the parties executed the Contract.  Def. Reply at 3; Pl. Resp. at 13.  Given the significant passage of time between when the parties agree that this repair work occurred and when the parties executed the Contract, the Court agrees with defendant that is evidence is not sufficient to show that she had actual knowledge of the alleged latent defects when the Property

---

[3] Paragraph 22 of the Contract also provides, in relevant part, that:

> EXCEPT AS OTHERWISE SPECIFIED IN THIS CONTRACT, INCLUDING THIS PARAGRAPH, THE PROPERTY IS SOLD 'AS IS.'  The obligations of Seller as provided in this paragraph shall be in addition to any Disclosure and Disclaimer Statement . . . .

Compl. Ex. 1 at 5.

was sold to plaintiffs.  *See Lombardi*, 678 A.2d at 769.

Plaintiffs' reliance upon evidence showing the presence of water and a "musty smell" in the basement of the Property in 2020, to establish that defendant had actual knowledge of the alleged latent defects, is also misplaced.  Pl. Resp. at 11-15.  Plaintiffs allege that they noticed wet carpet and wet walls in the Property's basement approximately 45 to 60 days after they took possession of the Property.  Compl. at ¶ 9.  But, again, plaintiffs fail to identify any evidence in this case to connect these conditions with the condition of the Property at the time that the parties executed the Contract.  *See generally* Pl. Resp.  Plaintiffs also do not explain how this evidence shows that defendant had knowledge of these conditions (if they existed) when the parties completed the Maryland Residential Property Disclaimer Statement and executed the Contract. *See generally id.*

Plaintiffs, nonetheless, argue that a factfinder could reasonably infer that defendant had actual knowledge of these latent defects, based upon the evidence in this case showing that defendant previously repaired at leak at the Property a decade earlier and that there was water damage in the basement of the Property approximately two months after they purchased the Property.  *See id.* at 14.  But, again, this evidence neither establishes that the Property had a latent defect when the parties executed the Contract, nor that defendant was aware of any such defect at that time.  Plaintiffs must provide more at this mature stage of this litigation to support their breach of contract claim and successfully confront defendant's motion for summary judgment.  *See Liberty Lobby*, 477 U.S. at 256.  Because they fail to do so, the Court GRANTS defendant's motion for summary judgment on this claim.  Fed. R. Civ. P. 56.

### B.    Plaintiffs Cannot Prevail On Their Fraudulent Inducement Claim

For similar reasons, the undisputed material facts also show that plaintiffs cannot prevail on their fraudulent inducement claim.  Plaintiffs allege that defendant fraudulently induced them to enter into the Contract, by failing to disclose the aforementioned latent defects at the Property. Compl. at ¶ 12.  But, to prevail on this claim, plaintiffs must show, among other things, that defendant knew that her statement that she had no actual knowledge of any latent defects at the Property was false, or that she made this statement with a reckless disregard for the truth.  *See Dean*, 2010 WL 3928650, at *4.  Again, the undisputed material facts show that plaintiffs cannot meet their burden.

As discussed above, the undisputed material facts in this case do not establish that defendant had actual knowledge of the alleged latent defects when she completed the Maryland Residential Property Disclaimer Statement.  The evidence relied upon by plaintiffs also fails to show that defendant stated that she had no knowledge of latent defects at the Property with a reckless disregard for the truth.  *See generally* Pl. Resp.  In addition, while plaintiffs argue that there are material facts in dispute regarding whether defendant knew of any latent defects at the Property, they neither identify the facts allegedly in dispute, nor explain why these facts make summary judgment inappropriate in this case.  *See generally id.*  Given this, the Court must also GRANT defendant's motion for summary judgment on plaintiff's fraudulent inducement claim. Fed. R. Civ. P. 56.

### C.      The Court Denies Defendant's Other Motions

As a final matter, defendant has moved to strike the affidavit of plaintiffs' expert, Darin Mann, upon the ground that Mr. Mann has not responded to her discovery requests in this litigation.  *See* Def. Reply at 6-8.  Defendant has also moved to hold Mr. Mann in contempt, because of these failings.  *See generally* Def. Mot for Contempt.  Because Mr. Mann's affidavit is probative of the issues that the Court must address to resolve defendant's motion for summary judgment, the Court declines to strike this affidavit.  Defendant's motion to hold Mr. Mann in contempt is also rendered moot by the Court's decision to enter summary judgment in her favor on all claims in this case.  And so, for these reasons, the Court DENIES defendant's motion to strike and DENIES-as-MOOT defendant's motion for contempt.

## V.      CONCLUSION

In sum, the undisputed material facts in this case show that plaintiffs cannot establish that defendant had actual knowledge of the alleged latent defects at the Property when the parties completed the Maryland Residential Property Disclaimer Statement and executed the Contract at issue.  In addition, the Court will consider the affidavit of Darin Mann for the limited purpose of resolving defendant's motion for summary judgment.  And so, for the foregoing reasons, the Court:

1. **GRANTS** defendant's motion for summary judgment;

2. **DENIES** defendant's motion to strike;

3. **DENIES-as-MOOT** defendant's motion for contempt; and

4. **DISMISSES** the complaint.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

10